Stanard, J.
The special verdict in this case expressly finds that the lessor of the plaintiff has acquired no title whatever to the land in controversy since he took the oath of insolvency, and does not distinctly find that he had title before. Though I think it highly probable that there was satisfactory proof of such previous title, (for unless there was, the enquiry into the effect of the oath of insolvency, and of the discharge of the insolvent, was useless, and a special verdict unsuited to the case) and that the jury intended tcT find that fact as a part of the case, yet the strict rules which govern the construction of such verdicts seem to forbid that a fact, indispensable to make any case for the lessor of the plaintiff) should be supplied by implication. Without that fact, the lessor of the plaintiff could not recover, though his oath and discharge as an insolvent left in him a right that would support an ejectment for land owned by him at the time of taking the oath. If then such an action could be supported notwithstanding the oath of insolvency, the special verdict would probably be deemed imperfect, and the proper disposition of the case would be a reversal of the judgment of the court, and the award of a venire de novo. Should it, however, be the opinion of this court, that the effect of the oath and discharge of the lessor of the plaintiff as an insolvent, is to transfer his title in lands to the sheriff of the county in which they may be situate, so as to disable him, at least *204 while the debt remains unsatisfied, to maintain an action of ejectment on his previous title, in such case the fact of such previous title becomes immaterial, a venire de novo to supply it becomes useless, and the special verdict in this case contains matter sufficient on which final judgment can be rendered.
Does then the legal title of the insolvent, in lands owned by him at the time he takes the oath and is discharged, pass from him and vest in the sheriff of the county in which the lands are situate; and can the insolvent maintain ejectment for such lands on his demise, while the debt under the execution, for which he took the oath and was discharged, remains unsatisfied ? The express words of the statute furnish an affirmative answer to the first member of the interrogatory; and from it, a negative answer to the second member seems to be a necessary consequence. The statute declares that all the estate and interest that the insolvent has, and can lawfully depart withal, shall vest in the sheriff of the county in which the lands may be. It is not a qualified or equitable title, or a right in the nature of a lien, that the law declares shall be vested in the sheriff, but all the estate and interest therein of the insolvent. Such being the explicit declaration of the statute, there is no room for a constructive doubt of the intention of the legislature, incompatible with the language of that declaration, or impairing its force. The only question that could arise would be the competency of the statute, by such a provision, to work the transfer of the title from the insolvent to the sheriff. On this there can be no doubt. The same legislative power which gives to a deed sealed and delivered the effect of transferring the title of the party sealing and delivering, to his grantee, or which gives to the conveyance of a commissioner of the court of chancery the effect of transferring the title of parties to the suit in which the decree appointing the commissioner is rendered, is *205 competent to transfer the title of the insolvent, as a consequence of his oath and discharge as such.
This naked question has not (as far as I know) been distinctly adjudicated by the court of appeals. But in the case of Shirley v. Long, 6 Rand. 735. the language of the judges is consonant with the opinion now expressed. And from the opinions of judge Carr and president Tucker, and the general concurrence of the other judges, in the case of Ruffners v. Lewis's ex’ors &c. 7 Leigh 720. it seems that such was the opinion of the whole court. The cases of Stoever v. Stoever, 9 Serg. & Rawle 434. and Ross &c. v. M'Junkin &c. 14 Id. 364. (for a reference to which I am indebted to my brother Allen) shew that a similar decision has been made by the courts of Pennsylvania, as to the effect on an insolvent’s title and right of action, of his assignment and discharge under the insolvent laws of that state.
The opinion of the court is, that the judgment of the court below be reversed, and judgment on the special verdict entered for the plaintiffs in error.